These provisions apply as well to a case where the petitioner has not yet been adjudged a bankrupt, as to a case where he has. For the purpose of allowing such amendments, when they are uncontested, the register is the court, and has power to allow them on a direct application to him. Of course the co-ordinate power of allowing them in like cases also exists in the judge.

The original amendments permitted to be made should be filed with the clerk, and, in making them, rules 14 and 33 of the general orders in bankruptcy, before referred to, should be observed. When they are so filed, the register will act on them, in conformity with rule 7 of said general orders in bankruptcy and rule 4 of the rules of this court in bankruptcy.

---

## Case No. 9,797.

### In re MORGAN.

[8 Ben. 186.] [1]

District Court, S. D. New York. July, 1875.

BANKRUPTCY—PROOF OF DEBT—CORPORATION—DISSOLUTION.

M. was elected president of a corporation, incorporated under the act of the state of New York authorizing the formation of corporations for mechanical and other purposes. At that time he was a stockholder, but he afterwards ceased to be one. The capital stock was not all paid in within two years from its incorporation, as required by that act, but no proceedings were taken for the dissolution of the corporation. Thereafter M. went into bankruptcy, and, in the bankruptcy proceedings, a proof of debt was presented on behalf of the corporation, which proof was made by M., as president of the corporation, and was for moneys belonging to the corporation, which he had received as president: *Held*, that the corporation had the right to collect claims due to it; that the register had no power, on the re-examination of its claim, to determine its right to continued corporate existence; and that M. was to be taken to be president of the corporation, for the purpose of the proof of the debt.

The register in this case certified to the court the following case:

The North River Petroleum Company is a corporation organized under the act of the legislature of the state of New York, authorizing the formation of corporations for manufacturing and other purposes, passed February 17th, 1848. The corporation was organized in 1865, and in that year Henry N. Morgan (the present bankrupt), a stockholder and trustee of said company, was elected president. Since such election no other election has been held. The petition for adjudication of bankruptcy was filed herein December 19th, 1874. The proof of debt under objection was made by said Morgan as president of said company, and is for the sum of $2,718.71, being for moneys received by him, belonging to said company, in his capacity as president, and in which sum he remained indebted to said company at the time of his bankruptcy.

Mr. Hutchins, for petitioning creditor, opposing said claim, having offered to prove that the company failed to pay in all the capital stock within two years from its incorporation, and to file a certificate thereof in the county clerk's office, required by sections 10 and 11 of the act of incorporation, passed in 1848, claimant's counsel objected to such proof as immaterial, and the register sustained the objection, to which the petitioner's counsel excepted.

And Mr. Hutchins, for petitioning creditor, opposing said claim, objected to the proof of debt: (1) Because, if such capital was not paid in, as required by statute, such corporation claimant was ipso facto dissolved; and (2) because Henry N. Morgan, who made the proof of debt, ceased to be a stockholder in said company, and, not being a stockholder, could not, according to the third and fifth sections of said act, be trustee or president, and, therefore, had no capacity to make said proof. He therefore asked the register to expunge the said proof of debt.

The register's opinion was as follows:

1. No proceedings have been had to dissolve the corporation, and, until proceedings and judgment for dissolution, its creditors may enforce their rights against it and it may collect its claims. The re-examination of a claim, on petition, before a register, under the 34th general order, is summary, and brings to view the subject matter of the claim. To hear and determine incidentally the right of a corporation claimant to continued corporate existence, denied by the objector, upon account of failure to perform some act required by statute, is not within the province of the register.

2. For the purpose for which Henry N. Morgan now appears in this proof of claim, he is to be taken as the president of the corporation. He was duly elected while a stockholder, and the mere fact of his ceasing to be such did not vacate his office, so as to make this proof of claim a nullity.

BLATCHFORD, District Judge. I concur in the views of the register.

[NOTE. It was subsequently decided that there was no objection to the appearance of one as counsel for a creditor who had previously appeared as counsel for bankrupt. Case No. 9,798.]

---

## Case No. 9,798.

### In re MORGAN.

[8 Ben. 232.] [1]

District Court, S. D. New York. Aug., 1875.

ATTORNEY AND CLIENT—REPRESENTING ANTAGONISTIC INTERESTS—BANKRUPT PROCEEDINGS.

There is no legal objection to the appearance by counsel, who has previously acted as counsel

---

[1] [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]